UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-23627-CIV-GRAHAM/GOODMAN

LENORA ALLEN-JOHNSON,

    Plaintiff,
v.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER ON MOTION FOR COSTS

THIS MATTER is before the Court on Defendant, Miami-Dade County's corrected motion for costs pursuant to 28 U.S.C. § 1920 (DE 66).[1] The motion was referred by U.S. District Judge Donald L. Graham on November 11, 2011 (DE 67) and the parties previously consented to a final order by U.S. Magistrate Judge on motions for costs and attorney's fees (DE 16). Having carefully reviewed the motion and associated briefing, and the pertinent portions of the record, the Court finds that the motion should be **denied** because it was not timely filed under Local Rule 7.3(c).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." A "prevailing party" for the purposes of Rule 54(d)(1) is a party in whose favor judgment is rendered, regardless of the amount of damages awarded. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). Trial

---

[1] The initial costs motion was filed earlier the same day (DE 65).

1

courts are accorded substantial discretion in ascertaining taxable costs, but are limited to taxing only those costs specifically enumerated in 28 U.S.C. § 1920. *EEOC v. W&O, Inc.*, 213 F. 3d 600, 620 (11th Cir. 2000).

The County is the prevailing party in this action based on Judge Graham's order granting the County's motion for summary judgment on September 6, 2011 (DE 63). The County identifies the September 6, 2011 order as the sole order giving rise to its entitlement to costs (DE 66).

Local Rule 7.3(c) outlines the procedures for recovering costs under § 1920.

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.
>
> An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that the party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.

The County's Bill of Costs was filed on November 4, 2011 as an attachment to its corrected motion for costs and supporting memorandum of law (DE 66-2). This was 59 days after the entry of summary judgment and is untimely under the Local Rule.

The County argues that plaintiff waived her timeliness objection by failing to include it in her October 17, 2011 response to the proposed bill of costs, which the County forwarded to her counsel (DE 64). The document that the County refers to is a 49-page *pro se* filing that appears to have been prompted by the County's attempt to comply with the meet-and-confer requirement under Local Rule 7.1(a)(3) regarding the motion for costs. While the plaintiff's objections at that time should have been addressed to the County's counsel (as part of the pre-filing conference requirement) and not filed on the electronic docket, the Court is not inclined to consider this superfluous *pro se* filing to be a formal response to a motion that had not yet been filed.

This situation is therefore distinguishable from the scenario described in *Pines Properties, Inc. v. American Marine Bank*, 156 F. App'x 237, 242 (11th Cir. 2005). There, the Eleventh Circuit found that the district court did not abuse its discretion in taxing a portion of a garnishment bond premium where the respondent did not raise its objection in its original opposition to the motion to tax costs. *Pines Properties* does not support the County's implicit argument that the Court should characterize a document filed *before* the motion which it purportedly responds to as a "response." Simply put, the plaintiff's October 17, 2011 *pro se* filing cannot be characterized as a response because, at the time, there was no pending motion filed to which Plaintiff could respond. The Court will simply ignore this document.

On November 14, 2011, *after* the County actually filed its motion for costs, the plaintiff filed a *pro se* response which, contrary to the County's

3

characterization, placed the timeliness of the County's motion at issue. In fact, the response specifically states "I disagree with the subject order for the following reasons . . . . 4. The County's request may not have been filed in the time allowed by the courts." (DE 68). This response is not a model of clarity, and appears to mischaracterize the motion for costs as a court order. Nevertheless, it was more than sufficient under the liberal pleading standard for *pro se* parties to place the timeliness of the County's motion at issue. *See, e.g.*, *Lorisme v. INS*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) (*pro se* briefs are read liberally).[2]

The County also argues that its motion should not be denied as untimely because the plaintiff was not prejudiced by the late filing. The County does not cite any authority that the lack of prejudice is sufficient to obviate the deadlines for post-judgment motions provided by rule. To the contrary, rule limitations on post-judgment motions serve an important policy of repose and closure. *Cf. Slader v. Pearle Vision, Inc.*, 199 F.R.D. 125, 126 (S.D.N.Y. 2001) ("the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed"). The comments to Local Rule 7.3 also indicate that the deadlines for fees and costs motions are intended to act as bright-line cutoff points, similar in

---

[2] Plaintiff's *counsel* then filed another response to the motion for costs on November 21, 2011 (DE 70). The County asks the Court to disregard this "third response" because it was submitted without leave of the court. The Court agrees that this response should be disregarded but, as indicated above, disagrees that this filing constitutes a *third* response. Because it was the second document submitted by the plaintiff *after the motion for costs was filed*, the Court considers this document to be only the *second* response. In any event, the Court will disregard this document. It is the responsibility of counsel and client to coordinate with each other to ensure that only one response is filed with the Court. The proper course in this situation would have been for the plaintiff's counsel to seek leave of the court before submitting a second response.

4

nature to statutes of limitation.  Comments Section, Local Rule 7.3 (1999) ("in no event may a motion for fees or costs be made later than the date provided for in this rule"); *see also Klayman v. Freedom's Watch, Inc.*, No. 07-22433, 2008 U.S. Dist. LEXIS 118672, at *4-5 (S.D. Fla. Aug. 7, 2008).  Lack of prejudice alone is not sufficient cause to override the procedures imposed by the Local Rules.  If it were, then the Court would also have to consider the plaintiff's multiple responses to the motion for costs because the County, which was able to file a timely reply, was not prejudiced by the multiple filings.

Finally, the County argues in its *reply* memoranda that the Court has discretion to award costs to the County as the prevailing party as a matter of course because this action was arguably frivolous.  The Court will not consider a theory of recovery raised for the first time in a reply brief.  *See United States v. Day*, 405 F.3d 1293, 1294 (11th Cir. 2005) (treating issues and contentions raised for the first time in a reply brief as waived or abandoned).

The County's motion for costs is **denied**.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 18th day of January, 2012.

/s/ Jonathan Goodman
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Hon. Donald L. Graham
All counsel of record

5